**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMON BARUA,<br><br>        Petitioner,<br><br>v.<br><br>OSCAR AVILES,<br><br>        Respondent. | Civil Action No. 15-3768 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

Petitioner Emon Barua ("Petitioner") is currently being detained by the Department of Homeland Security, Immigration and Customs Enforcement ("DHS/ICE") at the Hudson County Correctional Facility in Kearny, New Jersey, pending his removal from the United States. On June 4, 2015, Petitioner filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, in which he challenges his detention pending removal. (D.E. No. 1, Petition ("Pet.")). For the reasons stated below, the Court will deny the Petition.

**I. BACKGROUND**

Petitioner is a native and citizen of Bangladesh. He was convicted of an Attempted Criminal Sexual Act in the second degree by a New York court on October 2, 2012. On November 19, 2013, ICE arrested Petitioner and served him with a Notice to Appear, which charged him with removability pursuant to Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), conviction of an aggravated felony. (D.E. No. 3-1 ¶ 6). After several hearings during which Petitioner challenged the bases for his removability, he was ordered removed by an

immigration judge ("IJ") on November 26, 2014. (*Id.* ¶ 17). Petitioner filed an appeal of the removal order to the Board of Immigration Appeals ("BIA") on December 29, 2014, and on May 13, 2015, the BIA affirmed the decision of the IJ. (*Id.* ¶ 18). On July 27, 2015, Petitioner filed a Motion for a Stay of Removal with the Second Circuit Court of Appeals, which remains pending.

In his Petition, Petitioner argues that his Motion for a Stay of Removal effectively reopened his case, thereby making him a pre-removal-order detainee subject to § 1226 as opposed to § 1231. Thus, he continues, because it has been nine months since his case was reopened, he is due a bond hearing to determine if his continued detention is necessary. *See Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 477 (3d Cir. 2015) (holding that, for pre-removal-order detainees, bond hearings should be held after six months in detention to determine if a detainee is either a danger to the community or a flight risk).

In response, Respondents argue that Petitioner is still subject to a final order of removal, thus his detention is still governed by § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents also argue that the six-month detention held presumptively reasonable under *Zadvydas* was tolled when Petitioner filed his motion with the Second Circuit, meaning his habeas petition must be dismissed as premature. The Court agrees.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is alleged to be "in violation of

2

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

This Court has subject matter jurisdiction over this Petition under § 2241 because Petitioner was detained within its jurisdiction, by a custodian within its jurisdiction, at the time he filed his Petition, and because Petitioner asserts that his detention is not statutorily authorized. *See Spencer v. Lemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *Zadvydas*, 533 U.S. at 689.

**B. Analysis**

Federal law sets forth the authority of the Attorney General to detain aliens in removal proceedings, both before and after issuance of a final order of removal.

Title 8 U.S.C. § 1226 governs the pre-removal-order detention of an alien. Section 1226(a) authorizes the Attorney General to arrest, and to detain or release, an alien, pending a decision on whether the alien is to be removed from the United States, except as provided in subsection (c). Section 1226(a) provides, in relevant part:

> (a) Arrest, detention, and release
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General-
>
> > (1) may continue to detain the arrested alien; and
> >
> > (2) may release the alien on-
> >
> > > (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> > >
> > > (B) conditional parole . . . .

8 U.S.C. § 1226(a).

Certain criminal aliens, however, are subject to mandatory detention pending the outcome of removal proceedings, pursuant to § 1226(c)(1), which provides in relevant part:

> The Attorney General shall take into custody any alien who—
>
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
>
> (B) is deportable by reason of having committed any offense covered in Section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) of this title . . . .

8 U.S.C. § 1226(c)(1).

Post-removal-order detention is governed by 8 U.S.C. § 1231(a). Section 1231(a)(1) requires the Attorney General to attempt to effectuate removal within a 90-day "removal period." The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). "An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals." 8 C.F.R. § 1241.1(a). During the removal period, "the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). Section 1231(a)(6) permits continued detention if removal is not effected within 90 days.

The Supreme Court held in *Zadvydas* that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from

4

the United States." 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. The Supreme Court held that, to state a claim under § 2241, the alien must provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* Specifically, the Supreme Court determined that,

> [a]fter this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* Therefore, under § 1231, the government has 90-days plus six-months to remove Petitioner and comport with the law.

However, where an alien's challenge to a removal order prevents his removal, *Zadvydas'* presumptively reasonable six-month period is tolled. *See Brodyak v. Davies*, No. 14-4351, 2015 WL 1197535, at *3 (D.N.J. Mar. 16, 2015) (citing *Evangelista v. Ashcroft*, 204 F. Supp. 2d 405, 409 (E.D.N.Y. 2002)); *cf. Hendricks v. Reno*, 221 F. App'x 131, 133 (3d Cir. 2007) (where an alien seeks and is granted a stay of removal, continued detention is permissible under § 1231 beyond the six-month period as the removal period restarts following the conclusion of review by the Circuit Court); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (detention "directly associated with a judicial review process . . . has a definite and evidently impending termination point" and is therefore lawful); *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002) (the filing of a motion for stay of deportation interrupts the running of time under

*Zadvydas*); 8 U.S.C. § 1231(a)(1)(C) ("The removal period shall be extended . . . if the alien . . . acts to prevent the alien's removal subject to an order of removal.").

Here, Petitioner argues that he was converted from a post-removal-order detainee to a pre-removal-order detainee after he appealed the BIA's decision to the Second Circuit and filed his motion for a stay. (D.E. No. 1-2 at 11-14). Under this argument, Petitioner is governed by § 1226 and, because he has been in detention for nine months, is now due a bond hearing before an IJ. (*Id.*) The Court disagrees.

Petitioner's order of removal became final on May 13, 2015, when the BIA dismissed his appeal. *See* 8 U.S.C. § 1231(a)(B)(i); 8 C.F.R. § 1241.1(a) ("An order of removal made by the immigration judge at the conclusion of proceedings . . . shall become final . . . [u]pon dismissal of an appeal by the Board of Immigration Appeals."); *Rodney v. Mukasey*, 340 F. App'x 761, 764 (3d Cir. 2009). On June 3, 2015, Petitioner appealed the BIA's decision to the Second Circuit in addition to filing on July 27, 2015 a request to stay removal pending appeal. As such, the longest that Petitioner's *Zadvydas* period could have run is from May 13, 2015 to July 27, 2015, or for seventy-six (76) days.

In the Second Circuit, the government has a forbearance agreement with the circuit court whereby the government agrees not to effectuate removal while a motion to stay is pending. *Grossett v. Muller*, No. 13-654, 2013 WL 6582944, at *3 n.2 (D.N.J. Dec. 13, 2013). Consequently, by virtue of filing his request for a stay, the government was prevented from removing Petitioner, thus his *Zadvydas* period was tolled after that initial seventy-six days.[1] *See*

---

[1] Additionally, Petitioner argued to an IJ in the wake of *Lora v. Shanahan*, 15 F. Supp. 3d 478 (2d Cir. 2014), that he was being held subject to § 1226 and thus due a bond hearing. The IJ disagreed, and the BIA affirmed that decision as well. (*See* D.E. Nos. 6-2, 6-3).

6

*Brodyak*, 2015 WL 1197535, at *3; *Phrance v. Johnson*, No. 14-7693, 2015 WL 8361780, at *2 (D.N.J. Dec. 8, 2015); *Concepcion v. Aviles*, No. 15-2053, 2015 WL 3794776, at *4 (D.N.J. Jun. 17, 2015). As of the date of this Opinion, Petitioner's request for a stay is still pending, meaning his six-month period of reasonable detention under *Zadvydas* has not yet run.

Hence, Petitioner's request for habeas relief is premature, and the Petition is denied. This denial is without prejudice to Petitioner filing a petition in a new case should his post-removal-order detention exceed six months once the Second Circuit rules on his motion, assuming Petitioner can establish that there is no significant likelihood of removal in the reasonably foreseeable future.

## IV. CONCLUSION

For the reasons set forth above, the Petition will be denied without prejudice. An appropriate order follows.

Dated: August 4, 2016

Esther Salas, U.S.D.J.